UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| BLAKE SANDLAIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 1:19-00025 |
| | ) |
| BARBARA RICKARD, Warden, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1); (2) Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2); and (3) Petitioner's "Motion for Preliminary Injunction/Temporary Restraining Order" (Document No. 4).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

**FACTUAL AND PROCEDURAL HISTORY**

On January 1, 2019, Petitioner filed his Section 2241 Petition and Memorandum of Law arguing that the Warden is "subjecting the whole prison population to inhuman conditions" of confinement. (Document Nos. 2 and 3.) Petitioner states that the Warden is "subjecting the whole population to a deprivation of nutritious meals, proper ventilation for warmth, and endangering

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

inmate life for going on twenty-eight days." (Document No. 2, p. 6.) Petitioner contends that the Court has jurisdiction to hear matters concerning conditions of confinement pursuant to 28 U.S.C. § 2241(e)(2). (Document No. 3.) Petitioner acknowledges on the face of his Petition that he did not exhaust his administrative remedies because the "administrative remedy process is not required for a traditional 28 U.S.C. § 2241 habeas corpus petition." (Document No. 2, pp. 2 - 3.) A relief, Petitioner requests that the Court enter an "Order to Show Cause to Warden Barbara Rickard and grant his Motion for Preliminary Injunction/Temporary Restraining Order." (Document Nos. 2 and 3.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint or petition is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint or petition is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint or petition therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

will assess Petitioner's allegations in view of applicable law.

## DISCUSSION

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court finds that Petitioner claims are not cognizable under Section 2241 because he is challenging the conditions of his confinement.[2] A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). "If a prisoner seeks a 'quantum change' in his level of custody such as freedom, his remedy is habeas corpus." Campbell v. Deboo, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011). If a prisoner, however, "seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." Id.; also see Biedrzycki v. O'Brien, 2011 WL 6748505 (N.D.W.Va. Oct.

---

[2] Petitioner's reliance upon Section 2241(e)(2) is misplaced. Subsection (e)(2) provides as follows:
> Except as provided in paragraphs (2) and (3) of section 105 of the Detainee Treatment Action of 2005 (10 U.S.C. 801 note), no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agent relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

The foregoing clearly does not provide that this Court has jurisdiction pursuant to Section 2241 to consider Petitioner's conditions of confinement claim. Furthermore, there is no allegation or indication that Petitioner is an alien detainee.

14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence"). In the instant case, Petitioner alleges that he is being subjected to "inhuman conditions" of confinement in violation of his Eighth Amendment rights. A Section 2241 petition is an improper avenue in which to challenge conditions of confinement under the Eighth Amendment. See Rivernider v. Joyner, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018)(dismissing petitioner's claims concerning the conditions of his confinement to the extent such claims were asserted in his Section 2241 action); Roudabush v. Warden, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018)(finding a Section 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); Hargrove v. Masters, 2017 WL 712758 * 2 (S.D.W.Va. Feb. 23, 2017)(J. Faber)(finding that petitioner's challenge to his conditions of confinement was properly construed as a Bivens action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action…'"); Crooker v. Stewart, 2015 WL 1210209, * 3 (D.Md. March 13, 2015)(finding that alleged violations of the Eighth Amendment should be addressed by a Bivens or Section 1983 action, not in a Section 2241 petition). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Therefore, Plaintiff's allegations challenging the conditions of his confinement under the Eighth Amendment are properly asserted in a Bivens action. The undersigned, therefore, respectfully recommends that Petitioner's Section 2241 Petition be dismissed as the claims

asserted therein are not cognizable under Section 2241 and his "Motion for a Preliminary Injunction/Temporary Restraining Order" be denied.[3]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1) and "Motion for Preliminary Injunction/Temporary Restraining Order" (Document No. 4), **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this

---

[3] By separate Order entered this day, the undersigned has directed the Clerk to open a new *Bivens* action and included therein a copy of Petitioner's Section 2241 Petition and Memorandum in Support. The undersigned further directed the Clerk send Petitioner a copy of a form Complaint and Application to Proceed *in Forma* Pauperis. If Petitioner wishes to pursue his claims under *Bivens*, Petitioner should (1) file the form Complaint specifying, among other things, the Defendant(s) in his *Bivens* action and stating his claims, and (2) either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400 or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). Finally Petitioner is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies *prior* to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.

5

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 21, 2019.

Omar J. Aboulhosn
United States Magistrate Judge