```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

BLAKE SANDLAIN,

    Petitioner,

v.                              CIVIL ACTION NO. 1:19-00025

BARBARA RICKARD, WARDEN,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 21, 2019, in which he recommended that the court dismiss petitioner's petition for writ of habeas corpus, deny petitioner's application to proceed without prepayment of fees, deny petitioner's motion for preliminary injunction/temporary restraining order, and remove this case from the court's active docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file

such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On March 4, 2019, petitioner, acting *pro se*, timely submitted objections to the PF&R. See ECF No. 8.

Petitioner objects to two specific findings made by Magistrate Judge Aboulhosn. First, he objects to the PF&R's finding that challenges to prison conditions of confinement are not cognizable as Section 2241 habeas claims, and should instead be filed as a Bivens or Section 1983 action. Second, petitioner objects to the PF&R's finding that administrative remedies must be exhausted before filing a Section 2241 habeas petition. The court addresses each objection, with *de novo* review, in turn.

I. **Analysis**

   A. *Objection 1 – Conditions of Confinement Claims in Habeas Proceedings*

The issue of whether a prisoner may challenge the conditions of confinement in a habeas proceeding has not been definitively resolved by the Supreme Court. Compare Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (recognizing that habeas corpus might possibly be available to challenge prison conditions), and Wilwording v. Swenson, 404 U.S. 249, 249–51 (1971) (recognizing challenges to prison "living conditions and disciplinary measures" are "cognizable in federal habeas

2

corpus"), with Muhammad v. Close, 540 U.S. 749, 750 (2004) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."), and Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). In answering this open question, the Fourth Circuit has consistently, albeit never directly, concluded that most conditions of confinement claims are not cognizable in habeas proceedings.[1] See, e.g., Rodriguez v.

---

[1] Petitioner directs the court's attention to the Fourth Circuit case of McNair v. McCune as holding that all conditions of confinement claims may be brought under 2241 habeas proceedings. See 527 F.2d 874, 875 (4th Cir. 1975). However, this is not the proper interpretation of McNair. The relevant portion of McNair states that "there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause." Id. While McNair did hold that certain claims that touch on conditions of confinement could be brought in habeas proceedings, it only allowed these claims to be brought under Section 2241 when the claims imposed what has been described as "quantum change[s] in the level of custody" without due process and just cause. See id.; Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or . . . the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy.").

Ratledge, 715 F. App'x 261, 265-66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172 (4th Cir. 2014) (dismissing a habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) ("The principle to be deduced from Preiser . . . appears to be that when the claim relat[es] to [conditions of confinement] . . . the suit [must be] a § 1983 action.").

Moreover, courts within this district have consistently held that challenges to conditions of confinement are not cognizable in habeas proceedings. See Hargrove v. Masters, 2017

---

Essentially, the Fourth Circuit has distinguished between claims concerning due process or just cause because they reflect massive changes in confinement, which are cognizable in habeas proceedings, and claims concerning the *conditions* of confinement, which are not. See Varela v. Whalen, 946 F.2d 888 (4th Cir. 1991); Hillberry v. Ballard, 2014 WL 7161012, at *9-10 (S.D.W. Va. Dec. 15, 2014).

    Moreover, the Fourth Circuit in McNair relied upon the Supreme Court case of Wilwording as it came to its conclusion. See id. While Wilwording did recognize that challenges to prison "living conditions and disciplinary measures" are "cognizable in federal habeas corpus," see 404 U.S. at 249-51, the Supreme Court has steadily walked away from this holding, instead stating that whether conditions of confinement can be brought in habeas proceedings is an open question. See Muhammad, 540 U.S. at 750; Bell, 441 U.S. at 527 n.6. This change in Supreme Court opinion cautions against reading McNair's holding broadly.

4

WL 712758, at *2 (S.D.W. Va. Feb. 23, 2017) ("challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action"); see also Brown v. Zeigler, 2013 WL 4500473, at *6-7 (S.D.W. Va. Aug. 20, 2013); Daniel v. Craig, 2008 WL 644883, at *2 (S.D.W. Va. Mar. 7, 2008); Berry v. McBride, 2006 WL 2861077, at *1 (S.D.W. Va. Oct. 5, 2006).

This court concludes that challenges to conditions of confinement are not cognizable in habeas proceedings under Section 2241. Petitioner's challenges to his conditions of confinement are that respondent is "subjecting the whole population to a deprivation of nutritious meals, proper ventilation for warmth, and endangering inmate life for going on twenty-eight days." See ECF No. 2, at 6. These claims do not contain the kind of quantum changes in confinement without due process or just cause that are the only kind of challenges to conditions of confinement cognizable in habeas proceedings. See supra, at n.1. Therefore, petitioner's Objection 1 is **OVERRULED**.

### B. *Objection 2 – Exhaustion of Administrative Remedies in Section 2241 Proceedings*

Petitioner objects that Section 2241, unlike the Prison Litigation Reform Act ("PLRA"), does not explicitly require administrative remedies to be exhausted before a prisoner may

5

bring a Section 2241 claim.  Compare 28 U.S.C. § 2241, with 42 U.S.C. § 1997e.  While it is true that Section 2241 does not contain a statutory mandate that administrative remedies be exhausted, courts may judicially impose such a requirement.  See Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 577 (N.D.W. Va. 2007) ("[T]he exhaustion requirement in habeas corpus actions arising under § 2241 . . . has no statutory mandate, but rather is judicially imposed.").  The Fourth Circuit has consistently done so, and requires litigants to exhaust their alternative remedies before bringing Section 2241 claims.  See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (explaining that exhaustion is required before a habeas action may be brought).  This is because requiring exhaustion promotes the "'important considerations of federal court efficiency and administration.'"  Id. (quoting Moore v. United States, 875 F. Supp. 620, 624 (D. Neb. 1994)).  Only in "'exceptional circumstances'" should exhaustion be waived, id. (quoting Bowen v. Johnson, 306 U.S. 19, 27 (1939)), such as when the administrative remedy process would be futile.  See Jaworski, 509 F. Supp. 2d at 577.

Here, petitioner has made it clear that he has not exhausted his administrative remedies.  Nor has he put forth any evidence suggesting why doing so would be futile.  Therefore, this court finds no exceptional circumstances exist here to excuse petitioner's failure to exhaust, and thus he is required

6

to exhaust his administrative remedies before filing a Section 2241 petition. Petitioner's Objection 2 is **OVERRULED**.

**II. Conclusion**

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;
2. Petitioner's application to proceed without prepayment of fees is **DENIED**;
3. Petitioner's motion for preliminary injunction/temporary restraining order is **DENIED**;
4. This action is **DISMISSED**; and
5. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,

683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 25th day of September, 2019.

ENTER:

David A. Faber
Senior United States District Judge